**AFFIRMED as MODIFIED and Opinion Filed March 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00076-CR

**RONNIE BUSH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1875228-R**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Evans

Ronnie Bush appeals from the trial court's judgment convicting him of indecency with a child. In four issues, appellant contends that the trial court abused its discretion by overruling his objections to the State's expert witness testimony. In two additional issues, appellant argues that the judgment should be reformed to reflect the correct offense name and applicable statute. We agree, and the State does not dispute, that the judgment should be reformed. We affirm the judgment as modified.

# BACKGROUND

The grand jury indicted appellant for continuous sexual abuse of a child under fourteen years of age. During the trial, the State called Karen Esposito, a therapist at Dallas Children's Advocacy Center with ten years' experience, to testify. The trial court designated Esposito as an expert in child abuse without objection. Esposito testified that she had no actual involvement with the parties at issue in this case. During Esposito's testimony, the following exchange took place:

[State's attorney]: How are you, why did I call you today?

[Esposito]: I think usually to discuss the dynamics of child abuse and what contributes to that and how children react.

[State's attorney]: Start at the beginning. Who can be a perpetrator – ?

[Defense attorney]: Your Honor, I agree she's an expert in this particular field. I don't feel as if she can offer anything relevant to this case being that she would only be testifying kind of more generally instead of specifically.

I think there's a high propensity for any testimony that she can offer to be more prejudicial than probative. And in that case confuse the jury because she's not had the occasion to being the therapist seeing the children.

If the state wants to produce someone who actually saw the children that would be different.

[Court]: I'll overrule the objection.

[State's attorney]: So who are the perpetrators of child abuse?

[Esposito]: They tend to be someone the child knows and trusts, so 9 out of 10 cases that's the case. They can be men, women, young, old.

You cannot tell by looking at them obviously whether they're a perpetrator, which is how they're able to do what they do.

Esposito went on to testify that most children do not immediately report the abuse, often because they worry they will not be believed, the subject matter is embarrassing, or they do not want to get themselves or the abuser into trouble. The following exchange then took place:

[State's attorney]: Would it make a difference if a child did tell once and wasn't believed?

[Esposito]: If a child told and wasn't believed I imagine they would hold that secret in and not tell again.

[State's attorney]: If a sibling or close family member saw that the original child wasn't believed would that child be affected as well?

[Defense attorney]: Your Honor, I object. It seems as if now all we're doing is speculating what could happen and once again I believe this is more prejudicial than probative.

I would ask if the Court plans to overrule that I do have a running objection for the entire line of questioning.

[Court]: All right. I'll overrule the objection. I'll give you a running bill, counsel. Go ahead.

* * *

[State's attorney]: How might one child seeing another not being believed affect the second child?

[Esposito]: Are you saying the second child believed the abuse happened? Is the child aware that it happened? It varies.

[State's attorney]: Tell me how it varies first.

[Esposito]: Sometimes when the abuse happens most often it's done in secret. The perpetrator does that. They want to do what they want to do. Other people in the house don't know what is going on. Therefore if there was another child in the home and the sibling outcried there's gonna be a lot of confusion and questions.

[State's attorney]: If the child didn't see the abuse but did see the other abused child outcry that weren't believed [sic] how might it affect the one who saw these things?

[Esposito]: Are you saying a case where the sibling witnessed the abuse?

[State's attorney]: Didn't witness but witnessed the outcry and not being believed.

[Esposito]: Child's gonna have a lot of questions. Be confused.

The jury returned a guilty verdict for the lesser included charge of indecency with a child by contact. The trial court sentenced appellant to eight years' imprisonment in the Texas Department of Criminal Justice.

## ANALYSIS

### A.    Expert Witness Testimony

In four issues, appellant contends the trial court abused its discretion in overruling objections to the State's expert witness. In issues one and two, appellant contends the trial court erred in allowing Esposito's testimony about who can be a perpetrator because the testimony was (1) irrelevant and (2) more prejudicial than probative. In issues three and four, appellant contends the trial court erred in admitting Esposito's testimony about the effect of a child's outcry after observing that a sibling's prior outcry was not believed because the testimony was (1) speculative and/or (2) more prejudicial than probative.

### i) Standard of Review

The admission of expert testimony is reviewed on appeal for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). Absent a clear abuse of that discretion, the trial court's decision to admit or exclude testimony will not be disturbed. *Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006).

### ii) Perpetrator testimony

In his first two issues, appellant argues that Esposito's testimony regarding who can be a perpetrator was irrelevant and more prejudicial than probative. Even assuming, without deciding, that the testimony was inadmissible and was erroneously admitted, such a breach of the evidentiary rules does not raise constitutional concerns and must be disregarded unless the erroneously admitted testimony affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2; *Sandoval v. State*, 409 S.W.3d 259, 287 (Tex. App.—Austin 2013, no pet.) (Erroneous admission of evidence is non-constitutional error and non-constitutional error requires reversal only if it affects the substantial rights of the accused). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brown v. State,* 580 S.W.3d 755, 765 (Tex. App.—Houston [14th Dist.] 2019, pet ref'd). If the improperly admitted evidence did not influence the jury or had but a slight effect on its deliberations, such error is harmless. *Id.*

In determining the likelihood that the jury's decision was improperly influenced, we may consider, among other things: (1) the strength of the evidence of the defendant's guilt; (2) whether the jury heard the same or substantially similar admissible evidence through another source; (3) the strength or weakness of an expert's conclusions, including whether the expert's opinion was effectively refuted; and (4) whether the State directed the jury's attention to the expert's testimony during arguments. *Id.* at 765–66. Applying the different factors to the evidence in this case, we conclude that the admission of Esposito's testimony was harmless.

Regarding the first factor, we observe that both the complainant and her sister testified in detail how appellant sexually abused each of them. Complainant's sister testified that she was afraid to say anything about the abuse because appellant was abusive toward her mother. Complainant's sister also saw appellant sexually assaulting her sister. The girls' mother testified that both sisters told her about the abuse and when she confronted appellant, he kept saying "I'm sorry, sorry, we can work this out." Bernadette Yupit-Martinez, the forensic interviewer at the Dallas Children's Advocacy Center, testified that she interviewed complainant and she was able to provide sensory details. Kim Skidmore, the director of forensic services at the Dallas Children's Advocacy Center, also interviewed complainant and testified that complainant provided sensory and peripheral details as well as a consistent

outcry of abuse. Accordingly, there was sufficient evidence for appellant's conviction.

With regard to the second issue, there was no additional testimony about who potential perpetrators could be in this case so the jury did not hear the same or substantially similar admissible evidence through another source. Accordingly, this factor weights in favor of appellant.

In the third factor, we look to the strength or weakness of an expert's conclusions. *Id.* at 765. Here, Esposito testified that perpetrators "tend to be someone the child knows and trusts, so 9 out of 10 cases that's the case. They can be men, women, young, old. You cannot tell by looking at them obviously whether they're a perpetrator, which is how they're able to do what they do." In arguing about the relevance of such testimony, appellant notes that "this general testimony made it no more or less likely that Appellant, as opposed to anyone else, was the perpetrator in this case." Appellant also argues that Esposito's testimony "did not describe any characteristics of who a perpetrator can be that link Appellant to being a perpetrator of child abuse." Thus, appellant's own statements tend to support the conclusion that Esposito's generalized statements do not support a finding of harm.

The last factor—whether the State directed the jury's attention to the expert's testimony during arguments—also weighs in the State's favor since the State did not reference Esposito's testimony in its closing argument. In fact,

Esposito's testimony came at the end of the trial and the State did not reference it again.

Examining the relevant factors, we conclude that, in the context of the entire record, the trial court's admission of Esposito's testimony regarding who can be a perpetrator did not have a substantial and injurious effect or influence in determining the jury's verdict. *Id.* at 765. Accordingly, we overrule appellant's first and second issues.

### iii) Outcry testimony

In his third and fourth issues, appellant asserts that Esposito's testimony regarding a child's outcry was speculative and more prejudicial than probative. Once again, assuming, without deciding, that the testimony was inadmissible and was erroneously admitted, appellant cannot demonstrate harm.

During the trial, there was testimony that complainant's sister made an outcry of abuse about appellant but was not believed. The complainant testified that she was confused about what had happened with her sister and appellant and did not know if her sister was lying or telling the truth. Complainant also testified that after appellant began abusing her, she then suspected that her sister had been telling the truth. When asked why she did not tell her mother about the abuse, complainant testified that "[a]fter the situation with my sister I was just you know afraid to tell her." Later in the trial, Esposito was asked what effect it would have on a sibling if a child was not believed after making an outcry of abuse. After overruling

–8–

appellant's objections, Esposito testified that the child would "be confused" and "have a lot of questions" after witnessing her sibling make an outcry and not being believed.

As set forth above, we again apply the four factors to determine whether appellant suffered harm. *Sandoval*, 409 S.W.3d at 293–94. For the reasons stated above, the first factor weighs in favor of the State because there was sufficient evidence for appellant's conviction. With regard to the second issue, the jury did not hear the same or substantially similar admissible evidence through another source. The third factor we look to is the strength or weakness of an expert's conclusions. *Brown,* 580 S.W.3d at 765. Here, Esposito's conclusions were general and not particularly powerful. As summarized above, Esposito simply concluded that a child would "be confused" and "have a lot of questions" after witnessing her sibling make an outcry and not being believed. It is unclear how this general conclusion could have caused appellant any harm. Finally, the last factor—whether the State directed the jury's attention to the expert's testimony during arguments— again weighs in the State's favor since the State did not reference Esposito's testimony again or in its closing argument. After a review of the relevant factors, we conclude that, in the context of the entire record, the trial court's admission of Esposito's testimony regarding the effect of a sibling's prior outcry did not have a substantial and injurious effect or influence in determining the jury's verdict. *Id*. Accordingly, we overrule appellant's third and fourth issues.

**B.      Reformation of Judgment**

In issues five and six, appellant requests that this Court reform the judgment because it incorrectly states the offense name and statute.  The judgment reflects a conviction for continuous sexual abuse of a child but the jury returned a guilty verdict for the lesser-included offense of indecency with a child by contact.  In addition, the judgment reflects the statutory provision for the offense as section 21.02 of the penal code but the correct statute is section 21.11 of the penal code.  In cases such as these, where the necessary data and information is available, we have the authority to modify the incorrect judgment.  *See* TEX. R. APP. P. 43.2(b); *Estrada v. State,* 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so."); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  Accordingly, we sustain appellant's fifth and sixth issues and modify the judgment to reflect that appellant was convicted of indecency with a child by contact and that the statute for the offense is section 21.11 of the Texas Penal Code.

**CONCLUSION**

Based on the foregoing, we reform the trial court's judgment to reflect that appellant was convicted of indecency with a child by contact and that the statute for the offense is section 21.11 of the Texas Penal Code.  As modified, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
190076F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RONNIE BUSH, Appellant

No. 05-19-00076-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-75228-R. Opinion delivered by Justice Evans. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant Ronnie Bush was convicted of indecency with a child by contact and that the statute for the offense is section 21.11 of the Texas Penal Code.

As **REFORMED**, the judgment is **AFFIRMED**

Judgment entered March 27, 2020.